```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                              :
UNITED STATES,                                :   MEMORANDUM
                                              :   and ORDER
                       Plaintiff,             :   05-CR-192
                                              :
       - against -                            :
                                              :
LOUIS EPPOLITO and                            :
STEPHEN CARACAPPA,                            :
                                              :
                       Defendants.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ JUL 1 1 2005 ★

BROOKLYN OFFICE

APPEARANCES:

For the Plaintiff:

    Roslynn R. Mauskopf
    United States Attorney
    Eastern District of New York
    One Pierrepont Plaza
    Brooklyn, NY 11201
    By: Robert W. Henoch, Assistant United States Attorney
        Mitra Hormozi, Assistant United States Attorney
        Daniel E. Wenner, Assistant United States Attorney

For Defendant Louis Eppolito:

    Bruce Cutler, Esq.
    260 Madison Avenue, 19th Floor
    New York, NY 10016
    By: Bruce Cutler, Esq.
        Bettina Schein, Esq.

For Defendant Stephen Caracappa:

    Edward W. Hayes, P.C.
    515 Madison Avenue, 30th Floor
    New York, NY 10022
    By: Edward W. Hayes, Esq.
        Rae Downes Koshetz, Esq.

JACK B. WEINSTEIN, Senior District Judge:

This is an application for bail pursuant to the United States Constitution and section 3142 of title 18 of the United States Code. The government has charged the defendants with multiple murders while they were policemen acting in aid of Mafia members' criminal activities in the 1980s and early 1990s. A charge of illegal drug dealing in the twenty-first century is also made.

The court has held a full hearing on the bail issue. For the reasons indicated below, bail with strict conditions of control to protect the public is granted.

The government has conceded that the statutory presumption against bail based upon allegations of drug dealing should not apply. Under subdivision (e) of section 3142 it is presumed in drug cases that no condition or combination of conditions will reasonably assure the appearance of the person or the safety of the community. Because of the government's concession, that presumption is inapplicable.

The issue under the statute and Constitution is whether any condition or combination of conditions will reasonably assure the appearance of the defendant at trial and the safety of other persons and the community. Unless the court finds that no such condition or combination of conditions will assure the defendant's appearance and the community's safety, bail must be granted.

To conclude that no condition or combination of conditions will reasonably assure the safety of any other person in the community, the judicial officer must require "clear and convincing evidence." The statutory burden on the government when there is no presumption is heavy. Some 80% probability is required. *See, e.g., United States v. Copeland*, 369 F. Supp. 2d 275, 286-87 (E.D.N.Y. 2005) (citing authority).

Under subdivision (g) of section 3142 the court must first consider the nature and circumstances of the offense charged. The offenses charged here could hardly be more serious. This is a crime of violence under subdivision (f) of section 3142. The maximum sentence is life imprisonment.

Second, the court must consider "the weight of the evidence" against the defendant. 28 U.S.C. § 3142(g)(2). The weight of the evidence adduced thus far is not strong because the statute of limitations problem is serious, as indicated at the hearing. See Hr'g of July 7, 2005, at 65-69.

Third, to be evaluated are: the history and characteristics of the persons charged, including the person's character; physical and mental condition; family ties; employment; financial resources; length of residence in the communities; past conduct related to drug or alcohol abuse; criminal history; and the defendant's record concerning appearance at court proceedings. 28 U.S.C. § 3142(g)(3)(A). The evidence submitted to date on all of those issues favors the defendants. Their record, at least on its face, as police officers, against whom no other criminal charges have been made, is favorable. Neither defendant was on probation, parole, or other limitation of activities at the time of the alleged crimes. *See* 28 U.S.C. § 3142(g)(3)(B).

Neither defendant is likely to abscond before trial. There is no reason to believe that the defendants will not appear in view of the extreme financial dangers to their families should they fail to appear as required.

Neither appears likely to be a threat to others. *See* 28 U.S.C. § 3142(g)(4). It is highly unlikely that these defendants, at this advanced stage of their lives, present any serious threat of criminal conduct while they are released on bail. It is highly unlikely that they will have any

possibility themselves, or with others with whom they might associate, to threaten possible witnesses.

The court must, under the statute and the Constitution, approach the problem with the presumption of innocence in mind. These defendants are presumed to be innocent. Until the government proves them guilty beyond a reasonable doubt, and a jury finds them guilty beyond a reasonable doubt, they must be deemed to be innocent.

The defendants' presence in jail prior to trial will substantially impede the work of their attorneys. Extensive wiretaps and other evidence will require many hours of consultation between attorneys and clients that are difficult under jail conditions.

The defendant Eppolito shall be released on bail. A five million dollar bond is required, secured by the personal bond of defendant; by the home which he and his wife own in Las Vegas with an equity of approximately $400,000; with the home of his daughter Andrea Eppolito in Las Vegas with an equity of approximately $100,000; with the home of Angelo and Sheila Todisco, Mrs. Eppolito's brother and sister-in-law, with an equity of approximately $500,000; and with the home of Paula and Albert Guarneri, defendant's sister and brother-in-law, with an equity of approximately $900,000.

If any mortgage of defendant's property is required to pay legal fees for either defendant, advance consent from the court is required.

The court must consider the source of the property to be designated for potential forfeiture in case there is a violation of bail conditions. *See id.* There is no proof that any of the homes proposed as collateral, except possibly for the homes of the defendants themselves, were acquired through criminal activities.

4

Mr. Eppolito shall be under house arrest residing at the home of Angelo and Sheila Todisco, with an ankle bracelet. The house is to have only one telephone landline. The government shall have the right to record telephone conversations from this telephone in the residence. None of the members of the residence shall use a cell phone while in the residence. They shall communicate only by telephone from within the residence by that one telephone. The defendant may use the residence telephone to speak only to his attorney, spouse, children or grandchildren. He shall not use any other telephone, cell or landline. He shall not communicate by e-mail.

The government shall have the right to inspect the home at any time, to see that there are no criminals or suspected criminals there. The defendant shall have no association with, and shall not speak to or otherwise communicate with, directly or indirectly, any criminals, members of the Mafia or persons convicted of a crime.

The same conditions apply to Mr. Caracappa. They include five million dollars bail, secured by his personal bond; the equity remaining on his and his wife's home in Nevada in the estimated amount of $500,000; the home of his mother with an equity of approximately $500,000; and the home of his brother with an equity of approximately $350,000. The defendant shall reside with Mrs. Sadie Caracappa, his mother.

Defendants may go to and from their attorneys' offices for legal consultation. Before they leave their residence they must inform pretrial services; they must return forthwith; and they must inform pretrial services when they return. The attorneys agree to take reasonable precautions to make sure that defendants proceed promptly to and from the law office and that they do not do anything untoward while they are in the office. Mr. Caracappa may exercise in

the presence of his attorney in a gym in the same building as his attorney's office.

This order is stayed for ten days to permit the government to appeal and seek a further stay from the Court of Appeals for the Second Circuit.

SO ORDERED.

Jack B. Weinstein

Dated: July 11, 2005
Brooklyn, New York